UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  26-61233-CIV-DAMIAN

ELIANNY PINTADO PRIETO,

        Petitioner,

v.

TODD LYONS, *et al.*,

        Respondents.

_____/

### ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before this Court on Petitioner, Elianny Pintado Prieto's ("Petitioner"), Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241, filed April 27, 2026. [ECF No. 1] (the "Petition"). Petitioner challenges her continued detention by immigration officials at the Broward Transitional Center. This Court entered an Order to Show Cause on May 5, 2026. [ECF No. 3]. On May 8, 2026, Respondents filed a Response to the Petition [ECF No. 4 ("Response")].

THE COURT has reviewed the Petition, the Response, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

### I.    BACKGROUND[1]

Petitioner is a native and citizen of Cuba. Pet. at 3. She claims that she has been physically present in the United States since approximately December 4, 2021, when she entered the United States at Del Rio, Texas. *Id.* at 3–4. Upon her arrival, the Department of

---

[1] The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in detail in the Petition.

Homeland Security ("DHS") apprehended Petitioner and placed her in removal proceedings. *Id.* at 4. On December 4, 2021, Petitioner was served with a Form I-862, Notice to Appear ("NTA"), charging Petitioner, an alien in the United States who has not been admitted or paroled, with removability pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. *See* ECF No. 1-2, Ex. A, Notice to Appear (Form I-862). Petitioner was then released from custody on her own recognizance. *See* ECF No. 1-3, Ex. B, Order of Release on Recognizance (Form I-220A).

On April 22, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") in Key West, Florida. Pet. at 5. She was subsequently transferred to the Broward Transitional Center where she remains detained.

On April 27, 2026, Petitioner filed the instant Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 challenging her continued detention under 8 U.S.C. § 1225(b). *See generally* Pet. In the Petition, Petitioner argues that she is entitled to a bond determination hearing and that 8 U.S.C. § 1226(a) applies to individuals in her circumstances, that is, aliens in the United States who were not lawfully admitted, rather than § 1225, which applies to aliens seeking admission to the United States. *Id*. Petitioner requests that the Court order Respondents to immediately release her from custody under reasonable conditions of supervision or, in the alternative, to conduct a bond redetermination hearing or other individualized and constitutionally adequate hearing under 8 U.S.C. § 1226(a). Pet. at 15.

On May 8, 2026, Respondents filed a Response asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). [ECF No. 4]. Nonetheless, in their

abbreviated Response, Respondents acknowledge that the Eleventh Circuit Court of Appeals recently addressed the issue raised in the Petition contrary to Respondents' statutory interpretation. *See* Resp. at 2 (citing *Hernandez Alvarez v. Warden, Federal Detention Center*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026)). Therefore, Respondents acknowledge that this Court is bound to follow the *Hernandez Alvarez* decision, as the legal arguments are not materially distinguishable for purposes of this Court's decision on the issue of which statutory provision authorizes Petitioner's detention.

## II.      LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.      DISCUSSION

As Respondents acknowledge, in light of the fact that the Petitioner is similarly situated with the petitioners in *Hernandez Alvarez*, 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

This Court has also previously addressed Respondents' argument regarding the failure to exhaust administrative remedies under circumstances like those presented here. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential.

*Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)).

The BIA issued *Matter of Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see id.* § 1003.1(d)(1). Thus, considering *Matter of Yajure Hurtado*, it is obvious that an alien in Petitioner's situation, who has resided in the United States for years prior to his recent detention, but has not been admitted or paroled, will be subject to mandatory detention without bond under Section 1225(b)(2) upon review by the BIA. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. at 221. Many other courts, including those in this District, have found that any exhaustion requirements are excused for futility because the result of Petitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*. *See, e.g.*, *Puga v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Ardon-Quiroz v. Assistant Field Dir.*, No. 25-cv-25290, 2025 WL 3451645, at *4-5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *9–10 (D. Nev. Sept. 17, 2025). This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would

have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition.

Because this Court finds in favor of Petitioner on the first grounds raised in the Petition and will grant the relief she seeks, this Court declines to analyze the other bases for relief asserted in the Petition.

## IV.    CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the Immigration Court to give her a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **June 4, 2026**. It is further

**ORDERED** that on or before **June 11, 2026**, the Parties shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

The Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

5

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 25th day of May, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record

6